# EXHIBIT A

# FINAL JUDGMENT

A2

UNITED STATES v.
SABRETT FOOD PRODUCTS CORP., *et al.*

Originally 62 Civ. 2031

Year Judgment Entered: 1967

Judgment Entered as to Sabrett Food

# Trade Regulation Reporter - Trade Cases (1932 - 1992), United States v. Sabrett Food Products Corp., Olympia Provision & Baking Co., Inc., Superior Frankfurter, Inc., and Provision Salesmen & Distributors Union, Local 627, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO., U.S. District Court, S.D. New York, 1967 Trade Cases ¶72,280, (Dec. 18, 1967)

Click to open document in a browser

United States v. Sabrett Food Products Corp., Olympia Provision & Baking Co., Inc., Superior Frankfurter, Inc., and Provision Salesmen & Distributors Union, Local 627, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO.

1967 Trade Cases ¶72,280. U.S. District Court, S.D. New York. 62 Civ. 2031. Entered December 18, 1967. Case No. 1666 in the Antitrust Division of the Department of Justice.

## Sherman Act

**Price Fixing—Meat Products—Consent Decree**.—A food company was barred by a consent decree from agreeing to fix prices for the sale and distribution of any meat products to any third person, to allocate territories, to boycott or refuse to sell meat products and from restricting resale of meat products manufactured or sold by it.

For the plaintiff: Donald F. Turner, Asst. Atty. Gen.; Baddia J. Rashid, William D. Kilgore, Jr., Norman H. Seidler, John D. Swartz, David H. Harris and Irving Kagan, Attorneys, Dept. of Justice.

For the defendant: Arthur B. Kramer of Feldman, Kramer, Bam & Nessen, New York, N. Y.

**[Final Judgment as to Sabrett Food Products Corp.]**

LEVET, J.: Plaintiff, United States of America, having filed its Complaint herein on June, 1962, and the plaintiff and the defendant Sabrett Food. Products Corp., hereinafter called Sabrett, by their respective attorneys herein, having severally consented to the entry of this Final Judgment, without trial or adjudication of any issue of fact or law herein, without admission by any party consenting hereto in respect of any such issue, and this Court, pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure, having determined that there is no just reason for delay in entering a Final Judgment as to all of plaintiff's claims asserted in said complaint against said defendant and having directed the entry of such a Final Judgment;

Now Therefore, before any testimony has been taken herein and upon the consent as aforesaid of the parties hereto, it is hereby

Ordered, Adjudged and Decreed as follows:

I

[ *Jurisdiction*]

This Court has jurisdiction of the subject matter herein and of the parties consenting hereto. The Complaint states claims upon which relief may be granted against Sabrett under Sections 1 and 2 of the Act of Congress of July 2, 1890 (15 U.S.C. §§ 1, 2), as amended, commonly known as the Sherman Act.

II

[ *Definitions*]

As used in this Final Judgment:

(A) "Person" shall mean an individual, partnership, corporation, association, or other business or legal entity;

*©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.*
*Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm*

(B) "Meat Products" shall include frankfurters, meat patties, sausage and similar items.

### III

[ *Applicability*]

The provisions of the Final Judgment shall apply to Sabrett and to each of its subsidiaries, successors, and assignees, and to their respective officers, directors, agents and employees, and to all other persons in acfive concert or participation with Sabrett who shall receive actual notice of this Final Judgment by personal service or otherwise. The making and entry of this Final Judgment shall not prejudice the plaintiff in seeking and obtaining further and different relief against any remaining defendant.

### IV

[ *Price Fixing*]

Sabrett is enjoined and restrained from directly or indirectly:

(A) Entering into, adhering to, renewing, maintaining, furthering, enforcing or claiming any rights under any contract, agreement, combination, conspiracy, understanding, plan, program, or course of action with any person to:

(1) Fix, establish, maintain or adhere to prices, discounts, or any terms or conditions for the sale and distribution of any meat products to any third person;

(2) Allocate, divide or assign territories or customers for the sale or distribution of any meat products;

(3) Boycott, or otherwise refuse to sell any meat products to any person or class or group of persons;

(B) Imposing or attempting to impose any limitation, condition or restriction with reference to the persons to whom, the prices at which, or the terms and conditions upon which any person shall resell any meat products manufactured or sold by Sabrett.

### V

[ *Compliance*]

For the purpose of securing compliance with this Final Judgment, duly authorized representatives of the Department of Justice shall, on written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Sabrett, made to its principal office, be permitted, subject to any legally recognized privilege:

(A) Access, during the office hours of Sabrett, to all books, ledgers, accounts, correspondence, memoranda, and other records and documents in the possession or under the control of Sabrett, relating to any matters contained in this Final Judgment; and

(B) Subject to the reasonable convenience of Sabrett and without restraint or interference from it to interview officers or employees of such defendant, who may have counsel present, regarding any, such matters.

Sabrett, upon the written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, shall submit such written reports, under oath if requested, with respect to any of the matters contained in this Final Judgment. No information obtained by the means provided in this Section shall be divulged by any representative of the Department of Justice to any person except a duly authorized representative of the Executive Branch of the United States of America, except in the course of legal proceedings to which the United States of America is a party for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

### VI

*©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.*
*Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm*

[ *Jurisdiction Retained*]

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction of or the carrying out of this Final Judgment, or for the certification of any of the provisions thereof, and for the purpose of enabling the plaintiff to apply to this Court for the enforcement of compliance therewith, and the punishment of violations thereof.

*©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.*
*Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm*
*3*

UNITED STATES v.
SABRETT FOOD PRODUCTS CORP., et al.

Originally 62 Civ. 2031

Year Judgment Entered: 1967

Judgment Entered as to Superior Frankfurter, Inc.

# Trade Regulation Reporter - Trade Cases (1932 - 1992), United States v. Sabrett Food Products Corp., Olympia Provision & Baking Co., Inc., Superior Frankfurter, Inc., and Provision Salesmen & Distributors Union, Local 627, Amalgamated Meat Cutters and Butchers Workmen of North America, AFL-CIO., U.S. District Court, S.D. New York, 1967 Trade Cases ¶72,281, (Dec. 18, 1967)

Click to open document in a browser

United States v. Sabrett Food Products Corp., Olympia Provision & Baking Co., Inc., Superior Frankfurter, Inc., and Provision Salesmen & Distributors Union, Local 627, Amalgamated Meat Cutters and Butchers Workmen of North America, AFL-CIO.

1967 Trade Cases ¶72,281. U.S. District Court, S.D. New York. 62 Civ. 2031. Entered December 18, 1967. Case No. 1666 in the Antitrust Division of the Department of Justice.

## Sherman Act

**Price Fixing—Meat Products—Consent Decree**.—A food company was barred by a consent decree from agreeing to fix prices for the sale and distribution of any meat products to any third person, to allocate territories, to boycott or refuse to sell meat products and from restricting resale of meat products manufactured or sold by it.

For the plaintiff: Donald F. Turner, Asst. Atty. Gen.; Baddia J. Rashid, William D. Kilgore, Jr., Norman H. Seidler, John D. Swartz, David H. Harris and Irving Kagan, Attorneys, Dept. of Justice.

For the defendant: Ernest S. Meyers of Laporte & Meyers, New York, N. Y.

**[Final Judgment as to Superior Frankfurter, Inc.]**

LEVET, J.: Plaintiff, United States of America, having filed its Complaint herein on June 7, 1962, and the plaintiff and the defendant Superior Frankfurter, Inc., hereinafter called Superior, by their respective attorneys herein having severally consented to the entry of this Final Judgment, without trial or adjudication of any issue of fact or law herein, without admission by any party consenting hereto in respect of any such issue, and this Court, pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure, having determined that there is no just reason for delay in entering a Final Judgment as to all of plaintiff's claims asserted in said complaint against said defendant and having directed the entry of such a Final Judgment;

Now Therefore, before any testimony has been taken herein and upon the consent as aforesaid of the parties hereto, it is hereby

Ordered, Adjudged and Decreed as follows:

I

[ *Jurisdiction*]

This Court has jurisdiction of the subject matter herein and of the parties consenting hereto. The Complaint states claims upon which relief may be granted against Superior under Sections 1 and 2 of the Act of Congress of July 2, 1890 (15 U.S.C §§ 1, 2), as amended, commonly known as the Sherman Act.

II

[ *Definitions*]

As used in this Final Judgment:

(A) "Person" shall mean an individual, partnership, corporation, association, or other business or legal entity;

©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

(B) "Meat Products" shall include frankfurters, meat patties, sausage and similar items.

### III

[ *Applicability*]

The provisions of this Final Judgment shall apply to Superior and to each of its subsidiaries, successors, and assignees, and to their respective officers, directors, agents and employees, and to all other persons in active concert or participation with Superior who shall receive actual notice of this Final Judgment by personal service or otherwise. The making and entry of this Final Judgment shall not prejudice the plaintiff in seeking and obtaining further and different relief against any remaining defendant.

### IV

[ *Price Fixing*]

Superior is enjoined and restrained from directly or indirectly:

(A) Entering into, adhering to, renewing, maintaining, furthering, enforcing or claiming any rights under any contract, agreement, combination, conspiracy, understanding, plan, program, or course of action with any person to:

(1) Fix, establish, maintain or adhere to prices, discounts, or any terms or conditions for the sale and distribution of any meat products to any third person;

(2) Allocate, divide or assign territories or customers for the sale or distribution of any meat products;

(3) Boycott, or otherwise refuse to sell any meat products to any person or class or group of persons;

(B) Imposing or attempting to impose any limitation, condition or restriction with reference to the persons to whom, the prices at which, or the terms and conditions upon which any person shall resell any meat products manufactured or sold by Superior.

### V

[ *Compliance*]

For the purpose of securing compliance with this Final Judgment, duly authorized representatives of the Department of Justice shall, on written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Superior, made to its principal office, be permitted, subject to any legally recognized privilege:

(A) Access, during the office hours of Superior, to all books, ledgers, accounts, correspondence, memoranda, and other records and documents in the possession or under the control of Superior, relating to any matters contained in this Final Judgment; and

(B) Subject to the reasonable convenience of Superior and without restraint or interference from it to interview officers or employees of such defendant, who may have counsel present, regarding any such matters.

Superior, upon the written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, shall submit such written reports, under oath if requested, with respect to any of the matters contained in this Final Judgment. No information obtained by the means provided in this Section shall be divulged by any representative of the Department of Justice to any person except a duly authorized representative of the Executive Branch of the United States of America, except in the course of legal proceedings to which the United States of America is a party for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

### VI

*©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.*
*Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm*

[ *Jurisdiction Retained*]

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction of or the carrying out of this Final Judgment, or for the modification of any of the provisions thereof, and for the purpose of enabling the plaintiff to apply to this Court for the enforcement of compliance therewith, and the punishment of violations thereof.

*©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.*
*Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm*

*3*

UNITED STATES v.
SABRETT FOOD PRODUCTS CORP., *et al.*

Originally 62 Civ. 2031

Year Judgment Entered: 1968

Judgment Entered as to Olympia Provision &
Banking Co. Inc. and Local 627, Amalgamated
Meat Cutters and Butcher Workmen of North America

A10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,                :

                Plaintiff,   :

      v.                                      :   62 Civ. 2031

OLYMPIA PROVISION & BAKING CO., INC.     :
and PROVISION SALESMEN & DISTRIBUTORS
UNION, LOCAL 627, AMALGAMATED MEAT       :
CUTTERS AND BUTCHER WORKMEN OF NORTH
AMERICA, AFL-CIO,                        :

                Defendants.  :

- - - - - - - - - - - - - - - - - - -X

## FINAL JUDGMENT

    Plaintiff, United States of America, having filed its complaint herein on June 7, 1962; the defendants Olympia Provision & Baking Co., Inc. (hereinafter "Olympia"), Provision Salesmen & Distributors Union, Local 627, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO (hereinafter "Local 627"), Sabrett Food Products Corp. (hereinafter "Sabrett") and Superior Frankfurter, Inc. (hereinafter "Superior"), having appeared and filed their several answers; the action having been severed as against the defendants Sabrett and Superior, and each having consented to the entry of separate judgments against them, which judgments were entered on December 18, 1967; the defendant Olympia having defaulted upon the call of this action for trial and having waived any further notice herein under Rule 55 of the Federal Rules of Civil Procedure; the matter having been tried against the defaulting defendant Olympia and the

defendant Local 627 from November 8, 1967 to November 19, 1967; and the Court having entered its Opinion, Findings of Fact and Conclusions of Law on April 5, 1968,

NOW THEREFORE, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

I

This Court has jurisdiction of this cause and of the defendants herein under Sections 1 and 2 of the Act of Congress of July 2, 1890 (15 U.S.C. §§1, 2), as amended, commonly known as the Sherman Act. The defendants Olympia and Local 627, and Sabrett, Superior and the distributor-members of Local 627 who dealt with Olympia, Sabrett and Superior, have combined and conspired to restrain and monopolize the manufacture, sale and distribution of frankfurters by means of price-fixing and boycotting agreements in violation of Sections 1 and 2 of the Sherman Act.

II

As used in this Final Judgment:

(A) "Person" shall mean an individual, partnership, corporation, association, or other business or legal entity;

(B) "Distributor" shall mean any person who is an independent contractor engaged in the business of buying frankfurters from Sabrett, Superior, or Olympia and reselling them to retail outlets for his own account and profit or any subsidiary, successor, or assign of any such person;

(C) "Sabrett" shall mean Sabrett Food Products Corp., a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Jersey City, New Jersey, its subsidiaries, successors and assigns and its directors, officers, trustees, agents and employees;

(D) "Superior" shall mean Superior Frankfurter, Inc., a corporation organized and existing under the laws of the State of New York with its principal place of business in the Bronx, New York, its subsidiaries, successors and assigns and its directors, officers, trustees, agents and employees;

(E) "Meat Products" shall include frankfurters, meat patties, sausage and similar items.

### III

The provisions of this Final Judgment shall apply to the defendants Olympia and Local 627 and to their respective directors, officers, trustees, agents, employees, subsidiaries, successors and assigns, and to all persons in active concert or participation with either such defendant who receive actual notice of this Final Judgment by personal service or otherwise.

### IV

The defendant Olympia is enjoined and restrained from directly or indirectly entering into, adhering to, renewing, maintaining, furthering, enforcing, participating or

A13

acquiescing in, or claiming any rights under any contract, agreement, combination, conspiracy, understanding, plan, program, or course of action with any person to:

    (A) Fix, establish, maintain or adhere to prices, discounts, differentials, or other terms or conditions, for the sale and distribution of meat products to any third person, including distributors;

    (B) Boycott, or otherwise refuse to sell meat products to any person.

V

The defendant Local 627 is enjoined and restrained from directly or indirectly:

    (A) Entering into, adhering to, renewing, maintaining, furthering, enforcing, participating or acquiescing in, or claiming any rights under any contract, agreement, combination, conspiracy, understanding, plan, program or course of action with Sabrett, Superior, Olympia, a distributor or with any of the foregoing to:

        (1) Fix, establish, maintain, or adhere to prices, price discounts, or price differentials for the sale and distribution of meat products by Sabrett, Superior, Olympia, a distributor or by any of the foregoing to any third person, including distributors;

...

(2) Boycott, or otherwise refuse to sell meat products to any distributor because of such distributor's failure or refusal to become a member, or because of such distributor's prices, price discounts, or price differentials for the sale of meat products;

(3) Persuading, inducing, coercing, or compelling, or attempting to persuade, induce, coerce or compel, Sabrett, Superior, Olympia, a distributor or any of the foregoing by boycott, strikes or picketing, or by threats thereof, or by any other means, to do or participate in the doing of any of the things set forth in Subsection (A) of this Section V, including Subparagraphs (1) and (2) of such Subsection (A).

## VI

For the purpose of securing compliance with this Final Judgment, duly authorized representatives of the Department of Justice shall, on written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to either of the defendants Olympia and Local 627 made to their principal offices, be permitted, subject to any legally recognized privilege:

5

(A) Access, during the office hours of such defendant, to all books, ledgers, accounts, correspondence, memoranda, and other records and documents in the possession or under the control of such defendant, relating to any matters contained in this Final Judgment; and

(B) Subject to the reasonable convenience of such defendant and without restraint or interference from it to interview officers or employees of such defendant, who may have counsel present, regarding any such matters.

Upon the written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, the defendants Olympia and Local 627 shall submit such written reports, under oath if requested, with respect to any of the matters contained in this Final Judgment. No information obtained by the means provided in this Section shall be divulged by any representative of the Department of Justice to any person except a duly authorized representative of the Executive Branch of the United States of America, except in the course of legal proceedings to which the United States of America is a party for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

6

VII

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction of or the carrying out of this Final Judgment, or for the modification of any of the provisions thereof, and for the purpose of enabling the plaintiff to apply to this Court for the enforcement of compliance therewith, and the punishment of violations thereof.

Dated: New York, New York
Sept 26, 1965

s/ Richard H. Levet
United States District Judge

Judgment Entered
s/ John J. O'Leary, Jr.
CLERK